The case for argument is Chambers v. United States, Mr. Polachek. May it please the court, my name is Brandon Polachek, I'm a recent graduate of the University of Notre Dame Law School, appearing under the supervision of Robert Palmer. We were appointed by the court to represent Appellant Keith Chambers on the issue of whether the district court erred in denying Mr. Chambers' Rule 60b motion for lack of jurisdiction. The district court should be reversed for two reasons. First, a district court has the authority and discretion to reopen a case previously heard on appeal under Rule 60b. And second, the district court also has the authority and discretion to determine whether an attorney's abandonment meets the extraordinary circumstances requirement under Rule 60b-6. The difficulty is that the locus of all the bad action in this case is this court, right? Correct, Your Honor. It was primarily before the case even reached this court, it was Mr. Chambers' attorney did not withdraw from the case as is required under the Criminal Justice Act plan. Right. And your client was denied an opportunity by this court to have the mandate recalled so that he could proceed. Correct, Your Honor. But that would still be within the realm of what Rule 60b could correct. How so? How can the district court order us to do something? Well, the district court wouldn't necessarily be ordering you to do something. The district court would be reopening the case, vacating and re-entering judgment to file a brief supporting a certificate of appealability. Vacating the judgment to sort of advance the date of the judgment so that a fresh appeal can be started? Well, that would be the effect, Your Honor, yes. And on what grounds? What part of Rule 60b does that fit? It would be under the equitable nature of Rule 60b-6 if there were extraordinary circumstances. If the court determined there were extraordinary circumstances, the court would then reopen the case. And by the very nature of Rule 60b, reopening the case in any circumstance that has been previously heard on appeal would be undoing the later appeal done by the higher court. And in Standard Oil, the Supreme Court conclusively rejected the appellate leave requirement in order to reopen a case as an unnecessary and undue burden on appellate courts. And the court was neither concerned with the issue of finality or accuracy and was satisfied that those could be addressed within the district court's discretion. And so the one limitation from Standard Oil would be that a district court can't reopen a case that would flout the appellate mandate. And a decision would flout the appellate mandate if it presented facts and issues that were previously addressed on appeal within the appellate mandate. And in this case, Mr. Chambers is presenting issues and facts that were not covered before the court in the issue of the appellate mandate. And while this court has not directly covered this issue, it has contemplated whether relief under Rule 60b could be provided if it calls into question the adequacy of counsel's performance on appeal. Well, what does he want exactly? Does he want another lawyer or does he want to represent himself or what? Well, the exact relief, Your Honor, that Mr. Chambers wants is the opportunity to file a brief supporting his application for a certificate of appealability with this court. Well, how does the lawyer get into this? How does Knoll get into this? The district court appointed Knoll in Mr. Chambers' original habeas proceedings. But he doesn't like Knoll. Correct, Your Honor. Mr. Knoll, after the Section 2255 proceedings. So what's going to happen to Knoll? Does Knoll play any role in what you just said about his wanting to file something? No, Your Honor. At this point, Knoll has abandoned Mr. Chambers, and Mr. Chambers would be filing the brief on his own. Did Knoll ever file any withdrawal? No, he never filed any withdrawal, Your Honor. And Mr. Chambers attempted to contact Mr. Knoll multiple times, and Mr. Knoll refused to reply to those contacts. And also, Mr. Knoll filed a motion in the district court that the district court construed as a motion to request counsel, and Mr. Knoll appeared in that case and reiterated the fact that he was no longer representing Mr. Chambers because his responsibilities terminated at the conclusion of the district court's proceedings, even though he did not file a notice of withdrawal. So is it clear that Knoll is out of the case completely? Respectfully, Your Honor, I'm not certain. If the court were to reverse and reopen the case, I believe that Knoll has completely abandoned Mr. Chambers, and Mr. Chambers would then be proceeding with his new counsel that's been appointed. But it was the clerk's office in this court which said that his counsel from the district court would file whatever was necessary. Correct, Your Honor. Mr. Chambers contacted this court's pro se clerk multiple times, and each time that he contacted the pro se clerk, the pro se clerk informed Mr. Chambers that Mr. Chambers would be unable to file a brief supporting his application for a certificate of appealability because he was still represented by counsel, and if Mr. Knoll wanted to withdraw. What was pending in this court? His request for a certificate of appealability. Filed by? Mr. Knoll. And then Mr. Knoll never withdrew, just told Mr. Chambers that he would not. Can't a client always fire his lawyer? Correct, Your Honor. Isn't that what's happened in effect? In effect, yes, but Mr. Chambers was still unable to proceed with his case pro se. He was unable to contact. Because Knoll has not withdrawn, you mean? Because Knoll has not withdrawn, correct, and Knoll was still the attorney of record in the case. It seems very strange. Does he have an action against Knoll? No, Your Honor, not at this point, no. So without any supporting briefing from Knoll or Mr. Chambers, Mr. Chambers' notice of appeal was construed as an application for a certificate of appealability and denied, and so Mr. Chambers raised the issue of Mr. Knoll's abandonment with the district court in his 60B motion. However, the district court did not reach the merits. Could this court take some action striking his appearance? What's that, Your Honor?  Respectfully, Your Honor, I'm not certain about whether that sort of relief would be available. Well, we can normally do whatever we want to in that regard. But that seems to be the only option he would have, isn't it? Well, the other option Mr. Chambers would have would be through the 60B motion within the district court, because the district court would be able to. As Judge Sykes pointed out, not much the district court can do with us. Respectfully, Your Honor, the district court exercising its discretion under Rule 60B would necessarily reopen any decision decided by a higher court by its very nature, because if a case has been previously decided on appeal, it would effectively undo the appeal, allowing a fresh appeal. Does Knoll, says he's owed money by Chambers? So Knoll was appointed under the Criminal Justice Act, and he has already submitted his request for payment to the court. So he's not complaining that he won't leave until he's paid, is he? Correct. He's already, for all he's concerned, he's been paid and his duties are done. The Criminal Justice Act is administered by whom? It's administered by this court under this court's Criminal Justice Act plan. And the Criminal Justice Act plan specifies that for defendants who are appointed counsel, that the counsel needs to withdraw. And in Flowers, this court noted that despite the inconsistent use of petitioners and defendants in the Criminal Justice Act plan, that requirement also applied to habeas counsel, where habeas counsel also needs to request withdrawal from this court. Well, I can see how there's limitations on withdrawal if the client is dependent on the lawyer for assistance. But if the client wants to get rid of the lawyer, I don't understand why there should be any impediment to that. Well, Your Honor, it wasn't that Mr. Chambers believed he needed to get rid of Knoll. He was under the impression from... Well, he thought Knoll had withdrawn? He had thought Knoll was no longer his attorney. Does he want to have Knoll back?  However, I see... So what should we do? I don't know. We would request that the court vacate and remand, or we would request that the court remand to the district court for further proceedings to reopen the case. Why couldn't we just do what's obvious, strike his appearance, and let Mr. Knoll proceed pro se? You could allow Mr. Chambers, yes, to proceed pro se as well, Your Honor, if that would be... Would that satisfy Chambers? That would satisfy Chambers because the primary relief that he's seeking is the ability to file a brief with this court and present his argument. Well, that's functionally withdrawing the mandate. Correct, Your Honor. And Mr. Chambers did submit a request to this court to withdraw the mandate. And in that argument, Mr. Chambers presented it as an issue of whether it was a clerical order with the pro se clerk because he was unaware at that point of the requirement that Mr. Knoll withdraw from the case. Right, and so we've already denied that relief. Correct. And so that is why Mr. Chambers then went to the district court for the Rule 60B motion, to reopen the case so that he would have the chance to submit the brief. And based on standard oil and this court's precedent, we do not think it would be impossible for the district court to reopen the case to allow a fresh appeal. Is it common for a pro se clerk to sign pro se clerk without a name? Respectfully, Your Honor, I don't know. These are the only letters from a pro se clerk I've seen. It's prison lingo, I think, in the library at most prisons. They give themselves those names. Oh, I see. Well, the district court would, under Rule 60B, the district court would then exercise its discretion and conduct a factual inquiry over whether relief would be warranted in reopening the case. Good grief. I mean, it's a lot easier just for us to reverse ourselves on reopening the mandate. Because all he wants to do is file a brief on his request for a CA. Correct, Your Honor. That would also be possible. Noel filed a motion with the Notice of Appeal seeking a CA, right? He just didn't brief it because he thought he was out of the case. Correct. Okay, well, thank you, Mr. Polishek. Thank you, Your Honor. Mr. Phillips. May it please the Court. Sagan Phillips on behalf of the United States. Your Honors, Mr. Chambers runs into two main problems. The first is that Rule 60 does not grant a district court the right to tell this court to allow him to refile a brief. In fact, he just said the relief he is seeking is to file a brief in support of his certificate of appealability with this court. There's no absolute right to have that filed. It's simply something he wanted to file. Was the brief tendered? So what he did, his attorney, Mr. Noel, filed a Notice of Appeal that this court interpreted as a request for certificate of appealability. But then he considered himself out. Right. But did the pro se, Mr. Chambers, tender a brief without having it filed? No, he, as I think counsel stated, he attempted, he contacted the pro se clerk with a letter that said something along the lines of, what do I need to do? The pro se clerk said, nothing, you're represented. He then went through some stages to say, hey, wait, I'm not represented. He sent that back. Well, my point was if it had been tendered but not filed, we could strike it and there would be. Right. And so he did file, I mean, he has filed a brief with, when he filed for motion to recall the mandate, he did file something saying what his arguments generally would have been. And he's right that the motion to recall the mandate is titled a clerical error. But in all intents and purposes, it sets forth the problem that he's currently advocating, which is that he didn't get a chance to file this brief. And it's worth pointing out, too, that not filing a brief in support of a certificate of appealability is very different from not filing either a notice of appeal or a brief in a regular case because in a request for a certificate of appealability, this court still looks at the record, looks at the motions, and determines whether or not a certificate of appealability is warranted. So the filing that he intends to proffer has to not rely on any new arguments because, of course, those arguments would be waived, but also somehow detail the arguments that this court has already reviewed in denying him a certificate of appealability. And that's the other problem he runs into, and I said he has two. One is that we don't believe that Rule 60 allows a district court to essentially mandamus this court to accept a brief. That's right. Rule 60 by its terms says that the court may relieve a party from a final judgment order proceeding. And, yes, there is 60B6 deals with equitable relief. Well, is it your position that he has, in effect, filed a brief with us? Our position is that the relief he seeks, the way to get that relief is through a motion to this court to recall the mandate, explain this. And, in fact, he tried that. It did not work. So then he went back to the district court. But the way the district court was right. But are you saying the denial of his motion ended his chances of getting any relief? Is that what you're saying? Yes. Filed a motion with us, we denied it, and now he's finished. Is that it? Yes. Yeah, that's right. Okay. So that pleading, whatever it was called, was filed, and the court denied it. That's right. So initially his attorney filed the notice of appeal. This court obviously does what it does in review the whole record. He wants to sort of couch that as a rubber stamp. Well, if no briefing is filed, that doesn't happen. This court just rubber stamps the district court. We, of course, know that that's not true. A vixen's court reviews the record, reviews the order. I can point this court to a case within the last two months that this court granted a certificate of appealability before the petitioner ever filed a brief in support of it. So this court does a full review of the record and of the order and does that. And then it denied it. So it was ended at that time. I'm sorry? It was ended at that time and before us. That's right. That's when the court denied the certificate of appealability. If his argument, which it is, is that, wait a second, I wasn't able to file this because of whether it be attorney error or pro se clerk error, it doesn't matter. It was not his error. I wasn't able to file this briefing in support of the certificate of appealability. The way to get relief from that is through a motion to recall the mandate. And, in fact, when he filed an earlier 59E motion, the pro se clerk told him, actually, what you should do is file a motion to recall the mandate. He did that and it was rejected. Not denied. It was rejected. Not denied, it was rejected? It was denied. I'm sorry. It was a motion to recall. The mandate was denied. And at that point, we're done. On top of that problem, he still hasn't told us what he would have said that would have changed this court's decision. And if the court has no further questions, the government will rest on its briefs. Okay, thank you, Mr. Phillips. Mr. Poulter? Any further? Briefly, Your Honor, just one point on rebuttal. The notice of appeal is essentially a silent document, as this court has previously recognized, and Mr. Chambers would be hard-pressed to meet the high standard of a motion to withdraw the mandate as opposed to his motion requesting his brief supporting, application supporting his request for a certificate of appealability. And so Mr. Chambers would have been hard-pressed to establish under the motion to withdraw the mandate. So what's left for Chambers to do, if anything? At this point, Mr. Chambers is relying on reopening the case under Rule 60B or this court allowing him to file a motion, file a brief supporting his application for a certificate of appealability. So that's something he's actually asked us for or just said he wants? So he requested to the district. No, for the district court, with our court. In his appeal to this court, not directly, no. He has specifically requested that ability in his motion to withdraw the mandate and his later motion that was construed as a successive habeas petition. He was also seeking. That's in the district court. Those were before this court. This court both rejected. He didn't tender anything. He just made an end quote. He did present the reasons requesting a certificate of appealability in those documents. However, the difference of standard of proof, the burden of proof in both of those motions as opposed to the burden of proof in requesting a certificate of appealability made it hard. Mr. Chambers was hard-pressed to receive the relief that he wanted under those two motions. Okay, well, thank you very much. Thank you, Your Honors. Thank you both, counsel. My next case.